UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE ADMISE ASSOUMAN,

        Plaintiff,

vs.                              Case No. 2:07-cv-151-FtM-29SPC

BANK OF AMERICA CORPORATION,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's[1] Motion for Summary Judgment (Doc. #41), filed on March 3, 2008. Plaintiff filed a Memo in Opposition (Doc. #46) on April 11, 2008.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party, in

---

[1] On April 30, 2008, and May 27, 2008, the Court dismissed the other defendants in this case and directed the entry of judgment. (See Docs. #55, 64.)

this case, the Plaintiff. Johnson v. Booker T. Washington Broad. Servs., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995). The Court does not weigh conflicting evidence or make credibility determinations. Hilburn, 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir. 1982)).

**II.**

The general facts are undisputed and based on plaintiff's deposition. On or about October 27, 2005, plaintiff Marie Assouman (Assouman or plaintiff) visited a branch of the Bank of America (defendant or Bank) and ordered additional standard checks with the Bank of America logo for her account ending in 0052. The checks were mailed to the proper address in Naples, Florida. Plaintiff left the country to visit family from October 29, 2005, through November 12, 2005.

Upon plaintiff's return, there were two boxes of checks in her mailbox. Plaintiff removed a book of checks from one of the boxes and placed it into her purse without looking at it. On November 14, 2005, plaintiff visited Wachovia Bank and purchased a certificate of deposit in the amount of $27,000.00 using one of the checks. An employee at Wachovia Bank asked for plaintiff's identification, accepted the check, and issued a receipt. On

December 5, 2005, plaintiff received a letter from Wachovia dated November 18, 2005, stating that Wachovia would exercise its right to offset the certificate of deposit because the check was not honored by Bank of America.  Plaintiff was not aware of a problem with the checks until December 5, 2005.

The check was returned for "signature unauthorized" because it was drawn on the account of Carlos Bernal Risoto, plaintiff's neighbor in Naples, Florida.  Plaintiff states that the Post Office mis-delivered Mr. Risoto's checks to her mailbox along with her own checks, and she mistakenly used one of Mr. Risoto's checks to purchase the certificate of deposit at Wachovia.  Plaintiff did not check the boxes and asserts that she mistakenly used three or four of Mr. Risoto's checks.

Mr. Risoto filed an Offense Incident Report with the Collier County Sheriff's Office on November 23, 2005, reporting a forged instrument.  Plaintiff is not aware if the other merchants filed reports for the returned checks.

On December 6, 2005, plaintiff went to Bank of America and spoke with employee Sara Wightman.  What occurred there and what conversation took place is disputed by the parties.  Plaintiff allegedly was reassured by Wightman that everything was fine, and Wightman took Mr. Risoto's checks from plaintiff.  Employee Wightman allegedly stated that she would return the checks to Mr.

Risoto and explain what had occurred.[2]  Plaintiff did not try to contact Mr. Risoto directly and relied entirely on Wightman at the Bank of America to contact him and explain what had occurred because she thought it would be better coming from their mutual bank.  Plaintiff did contact Wachovia Bank and explain to an employee there what happened, and plaintiff issued a valid check for the certificate of deposit.

Plaintiff was arrested on February 10, 2006.  On or about March 17, 2006, plaintiff returned to Bank of America and requested a letter stating that she had spoken to Wightman regarding Mr. Risoto's checks.  Plaintiff was unable to obtain the letter at that time because the relevant personnel with the Customer Solutions Department was on vacation.  Plaintiff did not return for the letter because the State Attorney dismissed the charges.

### III.

Plaintiff alleges negligence.  Defendant argues that no duty was owed.  Plaintiff responds that a material factual dispute exists regarding whether the Bank of America agreed to return the mistaken checks to Mr. Risoto and explain what happened, thereby undertaking a duty.

To establish a cause of action for negligence, plaintiff must prove that defendant owed a duty of care, that defendant breached the duty, that the breach caused plaintiff's injury, and that

---

[2]No depositions or affidavits were submitted as to Wightman or Mr. Risoto.

damages are owed. <u>Ewing v. Sellinger</u>, 758 So. 2d 1196, 1197 (Fla. 4th DCA 2000)(citations omitted). To determine whether a duty exists, the Court must determine whether defendant's actions created a legal duty where there is privity between the parties, and whether "the defendant by its conduct created a foreseeable zone of risk." <u>Dent v. Dennis Pharmacy, Inc.</u>, 924 So. 2d 927, 929 (Fla. 3d DCA 2006); <u>ZP No. 54 Ltd. P'ship v. Fidelity & Deposit Co. of Md.</u>, 917 So. 2d 368, 374 (Fla. 5th DCA 2005)(citations omitted).

Plaintiff and Bank of America share a debtor/creditor relationship, <u>Freeman v. Dean Witter Reynolds, Inc.</u>, 865 So. 2d 543, 549 (Fla. 2d DCA 2003), but a fiduciary relationship may arise if the customer places trust and confidence in the bank, <u>Building Educ. Corp. v. Ocean Bank</u>, ___ So. 2d ___, 2008 WL 942639, *3 (Fla. 3d DCA Apr. 9, 2008). Also, the voluntary undertaking doctrine provides that one "'who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care. . . .'" <u>Dent</u>, 924 So. 2d at 929 (quoting <u>Union Park Mem'l Chapel v. Hutt</u>, 670 So. 2d 64, 67 (Fla. 1996)).

Based on the facts alleged in this case and taking all the allegations in a light most favorable to plaintiff, the Court finds that it is foreseeable that defendant's actions would cause plaintiff to rely on the Bank to resolve the misunderstandings with Mr. Risoto, who was also a client/debtor of the Bank, and that defendant may have undertaken a duty. Whether Mr. Risoto would have or would not have pressed charges if the Bank had acted on the

duty is too speculative on this summary judgment record, and even "if an intervening cause is foreseeable the original negligent actor may still be held liable." <u>Roos v. Morrison</u>, 913 So. 2d 59, 67-68 (Fla. 1st DCA 2005)(internal quotations and citations omitted). Therefore, summary judgment will be denied.

Accordingly, it is now

**ORDERED**:

Defendants' Motion for Summary Judgment (Doc. #41) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record